

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY EMILIO GARCIA, | No. 16-55550 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-1840-JFW-JC |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and GLEASON,** District Judge.

Danny Emilio Garcia appeals the district court's denial of his habeas petition

in which he asserted that he had received ineffective assistance of counsel in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

violation of the Sixth Amendment during the California state court jury trial in which he was convicted of second degree murder. On direct appeal, the Supreme Court of California summarily denied review of that claim.

On appeal of the denial of a 28 U.S.C. § 2254 habeas petition, the district court's findings of fact are reviewed for clear error; legal conclusions are reviewed de novo. *Kemp v. Ryan*, 638 F.3d 1245, 1254 (9th Cir. 2011) (citations omitted). Here, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

A successful claim of ineffective assistance of counsel has two components. First, "the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On review, a court applies "a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Richter*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 689). Second, "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Failure to meet either prong

is fatal to a claim."[1] *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013).

Garcia asserts that trial counsel was ineffective for "fail[ing] to timely and properly object to the admission of the irrelevant and highly prejudicial statement of Anthony Ramirez." The statement included Ramirez's assertions that he was afraid of Garcia and that Garcia was not remorseful for killing the victim.

Apart from the state trial court record, Garcia offers no evidence to support his claim. Successful ineffective assistance claims are generally accompanied by evidence in some form, often a declaration by defense counsel or an explanation of why a declaration was unavailable. *See Gentry*, 705 F.3d at 900 (upholding state court's denial of ineffective assistance claim where insufficient relevant evidence was offered to support the claim). However, "the right to effective assistance of counsel . . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Garcia maintains that "the instant case presents one of those relatively rare situations where trial counsel's omission is apparent from the record and no further elucidation from counsel is necessary."

Before Ramirez's statement was played to the jury, Garcia's trial counsel

---

[1] The district court adopted the magistrate judge's recommendation, which assumed without deciding that the representation was deficient and denied the petition based on the prejudice prong.

objected to the statement's admission for lack of foundation and lack of relevance.

Trial counsel also asserted that if the court were to admit the statement, then it

should admit the full recording, including a separate portion the government had

proposed to redact.[2]  However, the trial court overruled these objections and

allowed the prosecution's redacted version of the recording to be played to the

jury.[3] After the challenged statement was played to the jury, trial counsel once

again objected. The court excused the jury, and trial counsel argued that Ramirez's

statement was both speculative and irrelevant. The court denied the objection.

However, the court decided to allow the admission of the full recording, including

---

[2] Counsel also stated, "I objected to this transcript and this thing being entered into it's the same stuff going on before where people were—an objection was made. There was an opinion given by this gentleman. The Court sustained it and now he sneaks it in by a transcript." This comment appears to form the basis for the government's assertion at oral argument to this Court that trial counsel made a pretrial objection to Ramirez's statement that the trial court had granted. This assertion was reiterated in the letter filed by the government in response to our request at the conclusion of oral argument. However, the state court record is inconclusive as to the precise nature of the trial court's pretrial ruling. Nevertheless, if that specific pretrial objection had been made, it would only bolster our conclusion that trial counsel's performance was not deficient.

[3] The trial court initially rejected counsel's argument that the court must allow the entire unredacted recording to be played. The court stated this was "not a proper objection" and allowed the redacted version to be played. However, the court told trial counsel "I am going to hear you out" and stated that it would review the unredacted transcript in the interim to determine whether to admit the previously redacted portion.

the portion that the government had proposed to redact.

On appeal to this court, Garcia argues trial counsel should have timely objected on the basis of unfair prejudice, presumably under Cal. Evid. Code § 352. Even if trial counsel erred in failing to successfully object to the admission of the statement, this error was not sufficiently egregious to amount to ineffective assistance of counsel. Although trial counsel did not make an express objection on the basis of unfair prejudice, it is undisputed that trial counsel made repeated objections in an attempt to prevent the admission of the statement. Trial counsel also made efforts to mitigate the potential effect of the statement by successfully urging the court to admit the entire recording, including the portion the prosecution sought to redact. Given that "courts must judge the reasonableness of counsel's challenged conduct . . . as of the time of counsel's conduct . . . and judicial scrutiny of counsel's performance must be highly deferential," Garcia has not demonstrated that trial counsel's performance at trial fell outside the wide range of reasonable professional assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (internal quotation marks and alterations omitted).

In addition, it is far from clear that trial counsel's course of conduct was not strategic. Trial counsel's request that the court play the entire recording appears to have been a calculated effort to have the jury hear a portion of Ramirez's interview

that the prosecution did not yet want to present to the jury.[4] While trial counsel's

intention is not easily discerned from the record, his efforts seem to reflect a

potentially valid strategy. *See Karis v. Calderon*, 283 F.3d 1117, 1130 (9th Cir.

2002) (holding counsel not ineffective for failing to object to admission of witness

testimony that conflicted with defendant's statements, when counsel believed

testimony also served beneficial purpose); *Strickland*, 466 U.S. at 689 ("[T]he

defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." (internal quotation

marks omitted)).

For the foregoing reasons, we do not find that "counsel's representation fell

below an objective standard of reasonableness" or that counsel "made errors so

serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

Amendment." *Strickland*, 466 U.S. at 687–88. Therefore, we hold that Garcia has

failed to show that "there was no reasonable basis for the state court to deny

relief." *Richter*, 562 U.S. at 98. Accordingly, we affirm the district court without

---

[4] This appears to have been Ramirez's statement that money and drugs were the sources of the conflict between Garcia and the victim.

reaching *Strickland*'s prejudice prong.[5]

**AFFIRMED.**

---

[5] *See Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir. 1995) ("We may affirm on any ground supported by the record, even if it differs from the rationale of the district court.").